FILED
IN CLERK'S OFFICE
DISTRICT COURT E D N Y

★  JAN C 5 2016  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DUANE M. VOLPE, THE ESTATE OF
BLANCHE A. VOLPE,

                Plaintiffs,

      -against-

DENNIS BROWN, SUFFOLK COUNTY, and others
whom will be gleaned through discovery,

                Defendants.
----------------------------------------------------------------X

MEMORANDUM AND ORDER
15-CV-5980 (JFB)(AYS)

JOSEPH F. BIANCO, District Judge:

On October 19, 2015, *pro se* plaintiff Duane M. Volpe ("Volpe" or "plaintiff") filed an *in forma pauperis* complaint against Dennis Brown ("Brown") and Suffolk County (the "County" and together, "defendants") on behalf of himself and the estate of his mother, Blanche A. Volpe (the "Estate").[1] Accompanying the complaint is an application to proceed *in forma pauperis*. For the reasons that follow, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3) and any claims of the Estate are dismissed without prejudice.

DISCUSSION

I.    The Complaint

Plaintiff seeks to challenge the foreclosure sale of his mother's home located at 45 Campbell Lane in East Islip, New York (the "property"). (Compl. ¶¶ 1, 4.) According to the

---

[1] Insofar as Volpe seek to bring this action on behalf of his mother's estate, he cannot do so. *See, e.g., Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]n administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant.); *see also Johnakin v. NYC Dep't of Corr.*, No. 11-CV-4807 SLT LB, 2013 WL 5519998, at *9 (E.D.N.Y. Sept. 30, 2013) ("[A] *pro se* litigant cannot represent anyone other than himself . . . .") (citing *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990).

complaint, taxes on the property had not been paid since 2008 resulting in a tax debt in the sum of $98,000. (*Id.* ¶¶ 7.) Accordingly, because of the tax delinquency, the property was foreclosed in 2012. (*Id.*) Plaintiff complains that Brown and the County have refused to allow him to pay the tax arrears and to reacquire the deed to the property in violation of his constitutional rights. (*Id.* ¶ 8.) Plaintiff further complains that the defendants have sought to evict him from the property. (*Id.* ¶ 10.) Plaintiff claims that his constitutional right to due process of law has been deprived by the defendants. (*Id.* ¶¶ 2,9,11,13.)

II. Application to Proceed *In Forma Pauperis*

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court determines that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

III. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. *See id.*

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments'" suggested. *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d

2

18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010), *aff'd* 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009)).

However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted), and must show that the court has subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); Fed. R. Civ. P. 12(h)(3).

A. Subject Matter Jurisdiction

As a threshold matter, the Court must determine whether it has subject matter jurisdiction to adjudicate plaintiff's claims. "Federal courts must determine that they have jurisdiction before proceeding to the merits." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. *See Lyndonville Sav. Bank*

3

& *Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*. *Id.* If subject matter jurisdiction is lacking, the action must be dismissed. *Id.*; Fed. R. Civ. P. 12(h)(3).

1.  *Rooker-Feldman*

It is well settled that the *Rooker-Feldman* doctrine precludes lower federal courts from exercising jurisdiction over claims that seek to "collaterally attack" – *i.e.* "reverse or modify" – a state court judgment. *Lipko v. Christie*, 94 F. App'x 12, 13-14 (2d Cir. 2004) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16 (1983)); *Davis v. Baldwin*, 12-CV-6422 (ER), 2013 WL 6877560, at *2-5 (S.D.N.Y. Dec. 31, 2013) (applying *Rooker-Feldman* doctrine to review "collateral attack" of Family Court Order); *Anghel v. N.Y. State Dep't of Health*, 947 F. Supp. 2d 284, 294 (E.D.N.Y. 2013) (Rooker-Feldman "mandates that a federal district court may not review collateral attacks upon a state court determination.")

The Second Circuit has delineated four requirements for *Rooker-Feldman* to apply: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state-court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." *Hoblock v. Albany County Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotations and alterations omitted). Here, plaintiff complains, *inter alia*, that he has been deprived of due process even though the underlying foreclosure action ran its course in state court. Plaintiff invites this court to review and reject the underlying state court decisions resulting in the foreclosure of the property and the order of eviction. The challenged state court orders occurred well before plaintiff commenced the instant action on October 19,

4

2015. Thus, the requirements of *Rooker-Feldman* are met, and this Court lacks jurisdiction to adjudicate plaintiff's claims. *See MacPherson v. Town of Southampton*, 738 F. Supp. 2d 353, 365 (E.D.N.Y. 2010) (holding that plaintiff's action was barred by *Rooker-Feldman* where "a finding by this Court that Defendants' conduct violated Plaintiffs' due process rights would necessarily involve a review of the state court's determination . . . ."); *Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 355-56 (E.D.N.Y. 2004) (holding that due process and equal protection claims were "inextricably intertwined with the state court's determinations" regarding child support and "could have been raised in state court, either in the Family Court or on appeal"); *see also Bernstein v. New York*, No. 06 Civ. 5681(SAS), 2007 WL 438169, at *6 (S.D.N.Y. Feb. 9, 2007) (where plaintiff attempted to avoid the application of *Rooker-Feldman* by "present[ing] his claim as independent from his appeal of the state court . . . order by stating that he . . . was denied due process in the course of, and not as a result of, the judicial proceedings that led to the state court judgment," holding that the *Rooker–Feldman* doctrine nevertheless barred plaintiff's claim because "[i]f th[e] Court were to declare that [plaintiff] was denied due process during the state court proceedings, it would effectively be reversing a judgment of the state court"); *Wu v. Levine*, No. 05 Civ. 1234(NG), 2005 WL 2340722, at *2 (E.D.N.Y. June 7, 2005) (holding that where "plaintiff's claims of constitutional and civil rights violations arise from the state court proceedings," plaintiff "cannot circumvent the *Rooker-Feldman* doctrine by recasting her claims as a federal civil rights violation"), *aff'd sub nom*, 314 F. App'x 376 (2d Cir. 2009).

Because lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments," *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005), review of final

state court judgments may be sought in the United States Supreme Court since it alone is vested under 28 U.S.C. § 1257 with jurisdiction over appeals from final state court judgments. *See Feldman*, 460 U.S. at 476; *Atl. Coast Line R.R. Co. v. Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) ("While the lower federal courts were given certain powers in the [Judiciary Act of 1789], they were not given any power to review directly cases from state courts, and they have not been given such powers since that time. Only the Supreme Court was authorized to review on direct appeal the decisions of state courts.").

Accordingly, plaintiff's Section 1983 claims against the defendants are barred by the *Rooker-Feldman* doctrine. Because the Court thus lacks subject matter jurisdiction, plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3).

IV. Leave to Amend

In light of the pleading deficiencies set forth above, the Court has considered whether plaintiff should be given an opportunity to re-plead. Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Chappius*, 618 F.3d at 170. Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting

6

*Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Here, the deficiencies in plaintiff's claims are substantive in nature and, as such, cannot be remedied by amendment. Accordingly, the court declines to grant plaintiff leave to file an amended complaint.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and his complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3). The Clerk of the Court is directed to mail a copy of this order to the *pro se* plaintiff at his last known address and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Joseph F. Bianco

Joseph F. Bianco
United States District Judge

Dated: January 5, 2016
Central Islip, New York